**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:08-CR-88 |
| ) | |
| JASON GENE WHITE, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

The addendum to the presentence report ("PSR Addendum") filed by United States Probation on January 27, 2015 (DE #632), indicates that, as a result of Amendment 782 to the United States Sentencing Guidelines, Defendant is eligible for a sentence reduction from his current sentence of 140 months of imprisonment.  However, after a review of the record, including the public safety factors section of the PSR Addendum, the Court hereby gives the parties notice that it does <u>not</u> intend to reduce Defendant's sentence.  The Court **DIRECTS** United States Probation to furnish a copy of the PSR Addendum (DE #632) to the Government as well as to the Federal Bureau of Prisons ("BOP"), so that the BOP may afford Defendant access to the PSR Addendum pursuant to its applicable policies by July 9, 2015.[1]  The Court **ORDERS** the parties to file, by August 7, 2015, any

---

[1] The BOP does not allow inmates to possess such documents.  As explained by the BOP, "inmates are prohibited from obtaining or possessing photocopies of their PSRs" for safety and security reasons.  See Federal Bureau of Prisons Program Statement 1351.05, § 12.a.(2)(d)(1).  However, the

objection or other response they may have to the Court's stated intention not to reduce Defendant's sentence.

BACKGROUND

Defendant, Jason Gene White, was indicted for conspiracy to distribute 500 grams or more of a mixture and substance containing methamphetamine and conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. section 846. Defendant pled guilty pursuant to a plea agreement. At sentencing, the Court found that the applicable guideline range was 188-235 months, and sentenced Defendant to 140 months after granting a motion for downward departure by the Government.

On December 30, 2014, Defendant filed a petition for two point sentence reduction. On January 22, 2015, the Court took the matter under advisement and directed United States Probation to prepare the PSR Addendum, which was filed on January 27, 2015.

ANALYSIS

The Seventh Circuit has made it clear that "a section 3582(c)(2) modification is discretionary, even for a defendant whose Guideline range has been retroactively lowered." *United States v. Cunningham*, 554 F.3d 703, 707 (7th Cir. 2009). See also *United States v. Marion*, 590 F.3d 475,

---

BOP's Program Statement also provides that "[i]nmates must be provided reasonable opportunities to access and review their PSRs. . . [and] are responsible for requesting an opportunity to access and review these records with unit staff in accordance with the Program Statement on Inmate Central File, Privacy Folder, and Parole Mini-Files. *Id*.

2

477 (7th Cir. 2009) ("The decision to reduce a defendant's sentence under § 3582(c)(2) is within the district court's discretion.") In exercising its discretion to reduce a defendant's sentence under section 3582(c)(2), a court is to consider and be mindful of "the factors listed in 18 U.S.C. § 3553(a), the [defendant]'s conduct while imprisoned, and the risk his early release would pose to public safety." *United States v. Johnson*, 580 F.3d 567, 570 (7th Cir. 2009).

Here, an examination of the section 3553(a) factors leads this Court to the conclusion that a sentence modification is not warranted. The nature and circumstances of Defendant's offense were serious. The seriousness of Defendant's offense, the need for just punishment, and the need to protect the public further weigh in favor of a lengthy sentence.

In addition, Defendant's conduct while incarcerated weighs against a sentence reduction. Since Defendant's incarceration and through November of 2014, Defendant has been disciplined ten times for various violations of prison rules. His disciplinary problems are not limited to his first years is prison, but instead continued through 2014. The Court finds that Defendant's continued and repeated violations establish that he is either incapable of or unwilling to comply with the laws or conduct himself in a manner so as not to pose a risk of danger to society.

Based on the section 3553(a) factors along with Defendant's conduct while incarcerated, this Court believes that a sentence of 140 months remains reasonable and appropriate. Such a sentence is not be greater than necessary to reflect the seriousness of the offense. It adequately takes

into account the policy statements of the Sentencing Commission, the nature and circumstances of the offense, and the history and characteristics of Defendant. It promotes respect for the law, provides just punishment for the offense, affords adequate deterrence to this type of criminal conduct, and protects the public from further crimes of Defendant.

CONCLUSION

For the foregoing reasons, after a review of the record, including the public safety factors section of the PSR Addendum, the Court hereby gives the parties notice that it does not intend to reduce Defendant's sentence. The Court **DIRECTS** United States Probation to furnish a copy of the PSR Addendum (DE #632) to the Government as well as to the BOP, so that the BOP may afford Defendant access to the PSR Addendum pursuant to its applicable policies by July 9, 2015. The Court **ORDERS** the parties to file, by August 7, 2015, any objection or other response they may have to the Court's stated intention not to reduce Defendant's sentence.

**DATED: June 10, 2015**  /s/RUDY LOZANO, Judge
**United States District Court**